

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-12-2006

# Olasunkanmi v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3992

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Olasunkanmi v. Atty Gen USA" (2006). *2006 Decisions*. Paper 1114.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1114

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-3992

_____

ALABI M. OLASUNKANMI,

Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,

Respondent
_____

ON PETITION FOR REVIEW
OF AN ORDER OF THE BOARD OF
IMMIGRATION APPEALS
(Agency No. A77-659-412)
Immigration Judge: Annie S. Garcy
_____

Submitted Under Third Circuit LAR 34.1(a)
May 9, 2006

BEFORE: McKEE, FUENTES and NYGAARD, <u>CIRCUIT JUDGES</u>

(Filed: May 12, 2006)
_____

OPINION
_____

PER CURIAM

Alabi Olasunkanmi petitions for review of the orders of the Board of Immigration Appeals (BIA) denying his application for asylum and his motion to reopen his removal proceedings. For the following reasons, we will deny his petition.

In July 2000, Olasunkanmi applied for admission to the United States. He claimed to be a citizen and presented a birth certificate and driver's license from New York State. He subsequently admitted that he was actually a citizen of Nigeria. On August 4, 2000, Olasunkanmi was charged as inadmissible for willfully misrepresenting his identity when he applied for admission and for not having valid entry documents. Olasunkanmi conceded the second charge but contested the fraud charge. He also applied for asylum, withholding of removal, and relief under the Convention Against Torture. The Immigration Judge (IJ) sustained both charges, found Olasunkanmi not credible, denied relief, and ordered Olasunkanmi removed to Nigeria. In January 2003, the BIA affirmed without an opinion.

In May 2004, Olasunkanmi filed a counseled motion to reopen. On August 6, 2004, the BIA found that Olasunkanmi had not established changed circumstances in Nigeria and his motion was untimely. On August 30, 2004, Olasunkanmi filed a second counseled motion to reopen. The BIA denied the motion because it exceeded the numerical limitations on motions to reopen.

On December 20, 2004, Olasunkanmi filed a petition pursuant to 28 U.S.C. § 2241 in the District Court which was converted to a petition for review and transferred to this Court pursuant to the REAL ID Act. We have jurisdiction under 8 U.S.C. § 1252. Jordon

2

v. Attorney General, 424 F.3d 320, 327 (3d Cir. 2005).

In his brief, Olasunkanmi only challenges the denial of his asylum claim. The details of his asylum claim are well-known to the parties, set forth in the IJ's opinion, and need not be discussed at length. Briefly, Olasunkanmi testified that as an employee of the Nigerian government, he had been forced to join a political party, and as a result, he was abducted by a vigilante group. He stated that he only escaped death because one of his captors let him go. On appeal, Olasunkanmi argues that his request for asylum should have been granted and that the IJ denied him due process by deviating from the applicable law.

The IJ denied Olasunkanmi's claim because she found his testimony not credible. Such a determination is a factual finding subject to review under the substantial evidence standard. The adverse credibility finding must be upheld unless any reasonable adjudicator would be compelled to conclude to the contrary. Fiadjoe v. Attorney General, 411 F.3d 135, 153 (3d Cir. 2005). The credibility finding must be grounded in the record and based on inconsistencies or improbabilities which are crucial to the claim. Zheng v. Gonzales, 417 F.3d 379, 381 (3d Cir. 2005).

Olasunkanmi argues that the IJ erroneously stated that he lacked credibility because of the lack of documentation supporting his claims. He argues that he could not present testimony of his mother and children to support the events of his abduction. However, he offered no explanation as to why he was unable to contact his mother for an affidavit. Olasunkanmi argues that the IJ focused on the lack of testimony from the

kidnappers and a bus driver who helped him and that such testimony would be impossible to obtain. However, the IJ did not state that she expected such evidence; rather, in judging Olasunkanmi's credibility, she noted that he could not even remember the names of the bus driver and his father, who sheltered him for several months. In contrast, the IJ noted that Olasunkanmi had memorized the phone number of a friend in the United States, with whose daughter he fathered a child shortly after being released from custody. The IJ further noted that Olasunkanmi was able to get documents from Nigeria in order for his new wife to file her Petition for Alien Relative on his behalf but could not get documents regarding his government employment or his father's death. The IJ's adverse credibility finding was based on specific reasons supported by the record, and Olasunkanmi has not shown that the record compels a finding that he was credible or entitled to relief.

With respect to the denial of the motion to reopen, we review the Board's denial for an abuse of discretion with "broad deference" to its decision. Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003). Under this standard, we will reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Sevoian v. Ashcroft, 290 F.3d 166, 174 (3d Cir. 2002). A party may file only one motion to reopen which must be filed no more than ninety days after the final administrative decision was rendered. See 8 C.F.R § 1003.2(c)(2).[1]

---

[1] There are exceptions to this deadline which are not applicable here. See 8 C.F.R. § 1003.2(c)(3).

In May 2004, Olasunkanmi filed a motion to reconsider. Because he alleged that the conditions in Nigeria had changed, the BIA construed the motion as a motion to reopen. The BIA determined that Olasunkanmi had not established changed circumstances in Nigeria and denied the motion. On August 30, 2004, Olasunkanmi filed another motion to reopen seeking to adjust his status based on his marriage to a citizen. The BIA denied the motion as barred by the numerical limitations. In order for a motion to reopen to adjust status based on marriage to be granted, the motion must, inter alia, be timely and not barred by the numerical limitations. Bhiski v. Ashcroft, 373 F.3d 363, 371 (3d Cir. 2004). Here the motion to reopen was untimely and barred by the numerical limitations. The BIA did not abuse its discretion in denying the motion to reopen.

Olasunkanmi alleges that he was denied due process when the BIA denied his motion to reopen because it deprived him of the opportunity to present evidence of his marriage, children, persecution and conditions in Nigeria. Due process requires that an alien facing removal be given notice of the charges against him, a hearing, and a fair opportunity to be heard. United States v. Torres, 383 F.3d 92, 104 (3d Cir. 2004). Here, Olasunkanmi was given all of these protections. His claim that he was not given the opportunity to present his case to a judge is completely contradicted by the record. That he was not given another opportunity to reopen his case three years after his hearing was not a violation of due process. Motions to reopen immigration proceedings are generally disfavored due to the need for finality in litigation. Sevoian, 290 F.3d at 171-72.

For the above reasons, we will deny the petition for review.

5